UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 25, 2013

LETTER TO COUNSEL:

      RE: *Brenda D. Gross v. Commissioner, Social Security Administration*
           Civil No. SAG-12-2555

Dear Counsel:

    On August 27, 2012, the Plaintiff, Brenda Gross, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income Benefits. I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d. 585, 589 (4th Cir. 1996). Under those standards, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

    Ms. Gross filed her claim in January 2009. (Tr. 84-85). She initially claimed that she had been disabled since February 1, 2006, due to a back injury, arthritis in her left shoulder and hips, and breathing problems. (Tr. 172, 197). Ms. Gross subsequently amended her alleged onset date to April 22, 2008. (Tr. 191; *see also* Tr. 26-27). The Commissioner denied the applications both initially and on reconsideration. (Tr. 94-101, 104-107). A hearing was held on January 6, 2011, before an Administrative Law Judge ("ALJ"). (Tr. 22-81). On January 28, 2011, the ALJ issued an opinion finding that Ms. Gross was not disabled under the Social Security Act. (Tr. 7-21). The Appeals Council denied Ms. Gross's request for a review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Ms. Gross suffered from the severe impairments of degenerative disc disease/scoliosis lumbar spine, adhesive capsulitis/frozen left shoulder, diabetes mellitus, obesity, asthma, and mood disorder. (Tr. 12). She further found, however, that these impairments, either singly or in combination, do not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13). Further, the ALJ found that Ms. Gross has a residual functional capacity to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except, with her dominant right upper extremity, the claimant can lift up to 20 pounds occasionally, and lift and carry up to 10 pounds frequently. She is able to lift only 10 pounds occasionally with her nondominant left upper extremity. She can stand, walk and sit, each, for approximately 6 hours, in an 8-hour workday. She is

> limited to no more than occasional climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling. The claimant is precluded from working at unprotected heights and climbing ladders, ropes, or scaffolds. She must avoid concentrated exposure to poorly ventilated areas and to irritants such as fumes, odors, dusts, and gases. The claimant is limited to unskilled work with routine and repetitive tasks, simple work related decisions, and occasional, if any, work place changes.

(Tr. 16). After hearing the testimony of a vocational expert ("VE"), the ALJ concluded that jobs exist in significant numbers in the national economy that Ms. Gross can perform. (Tr. 20-21).

On appeal, Ms. Gross raises the following issues: (1) that the ALJ had an insufficient basis to evaluate her left shoulder impairment; (2) that the ALJ had an insufficient evidentiary basis to evaluate the severity of her mental impairment; and (3) that the ALJ did not include the complete statement of the orthopedic consultative examiner.

The ALJ recognized that Ms. Gross had limited range of motion in her left shoulder, and that she was limited by left upper extremity pain in June and July of 2008. (Tr. 17; *see* Tr. 330-31). However, the ALJ found, as evidenced by the report of Amit Bhargava, M.D., that Ms. Gross had a full and painless range of motion of the left shoulder, normal strength, and no sensory deficit in May 2009. (Tr. 17; *see* Tr. 495). Moreover, as noted by the ALJ, Ms. Gross reported to Dr. Bhargava that she can lift 10 to 15 pounds and carry 10 pounds. (Tr. 496). The ALJ's finding that Ms. Gross could only occasionally lift up to 10 pounds is actually more restrictive than the opinions offered by L. Robbins, M.D. and A. Serpick, M.D., two State agency medical consultants. (*See* Tr. 498-505, 541-48). Although a nurse practitioner, Amy Lewis, opined that Ms. Gross could not lift or carry any weight whatsoever (Tr. 668), other medical evidence and Ms. Gross's own testimony concerning her activities provided substantial evidence for the ALJ to discount the opinion of Ms. Lewis. Accordingly, the ALJ based her decision about Ms. Gross's left shoulder impairment on substantial evidence in the record.[1]

Substantial evidence also supported the ALJ's finding that Ms. Gross's mood disorder, although a severe impairment, was not itself disabling. When Ms. Gross applied for benefits, she did not allege disability due to any mental impairment. (Tr. 197). Moreover, when she requested reconsideration of the agency's initial determinations, she did not identify any mental impairment that affected her ability to perform work-related activities. (Tr. 238-43). It was not until January 2010 that Ms. Gross, in connection with her request for reconsideration, noted that she saw a therapist for anxiety and mood swings. (Tr. 252). The agency then asked Ms. Gross

---

[1] Ms. Gross further contends that the ALJ's hypothetical to the VE was inadequate because the ALJ did not define the term "occasionally." Neither the VE nor Ms. Gross's counsel requested clarification at the hearing. It is reasonable to assume that the VE considered "occasionally" to mean something consistent with the wide range in the agency's definition, which is "occurring from very little up to one third of the time." SSR 83-10, 1983 WL 31251, at *5.

to attend a psychiatric conference with Mikhael Taller, M.D. (Tr. 550). Although Dr. Taller noted that Ms. Gross had poor eye contact, that her affect was a bit irritable, that she could recall only one out of three words after five minutes, and that she could not abstract a proverb, he observed that she was cooperative, alert, and oriented, that her thought processes were goal-directed and coherent, and that she had fair insight and judgment. (Tr. 552). His diagnostic impressions were that she had a mood disorder, not otherwise specified, that her mood disorder was not due to a medical condition, and that she did not suffer from a major depressive disorder. (*Id.*). Thereafter, Dr. Shapiro, a State agency psychological consultant, reviewed Ms. Gross's objective complaints and Dr. Taller's report. (*See* Tr. 559-76). He concluded that Ms. Gross had no significant cognitive impairment and that, although adaption might at times be limited due to mood fluctuations, Ms. Gross demonstrated the ability to interact appropriately in a professional setting. (Tr. 575). The notes from Total Healthcare, submitted by Ms. Gross, did not contradict these findings. (Tr. 768-87). These notes reflected that, although Ms. Gross did suffer from mood swings, her symptoms were moderate in nature. *Id.* The ALJ's RFC determination, which limited Ms. Gross to unskilled work with routine and repetitive tasks, only simple work-related decisions, and occasional, if any, workplace changes, adequately took Ms. Gross's mood disorder into account. (Tr. 16).

Ms. Gross's final contention is that the ALJ failed to consider the opinion of Amit Bhargava, M.D., that Ms. Gross required breaks in order to stand for six hours, sit for six hours, and walk for six hours during an eight-hour day. Aside from the fact that "breaks" are not uncommon in the workplace, Ms. Gross's contention fails because Dr. Bhargava never expressed that opinion but merely reported what Ms. Gross herself had told him. (*See* Tr. 496).

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                                  Sincerely yours,

                                                  /s/

                                                Stephanie A. Gallagher
                                                United States Magistrate Judge